

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-1-2009

# In Re: Stone Webster

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3891

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"In Re: Stone Webster " (2009). 2009 Decisions. Paper 1263.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1263

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-3891

IN RE:  STONE & WEBSTER, INCORPORATED, et al,

Debtors.

STONE & WEBSTER, INCORPORATED;
SWE&C LIQUIDATING TRUST, successor in interest
to Stone & Webster Engineering Corporation

v.

SAUDI ARABIAN OIL COMPANY

Saudi American Bank,

Appellant.

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 06-cv-00399)
District Judge:  Honorable Sue L. Robinson

Submitted under Third Circuit LAR 34.1(a)
on February 6, 2009

Before: RENDELL and ROTH,  Circuit Judges
and HAYDEN*, District Judge

*Honorable Katharine S. Hayden, United States District Judge for the District of
New Jersey, sitting by designation.

O P I N I O N

**ROTH**, <u>Circuit Judge</u>:

The Saudi American Bank (SAMBA) appeals the District Court's rejection of its appeal from the Bankruptcy Court's denial of its motion to intervene in the underlying adversary proceeding against the Saudi Arabian Oil Company (Saudi Aramco). The underlying proceeding was brought by Stone & Webster, Inc. and its subsidiary, Stone & Webster Engineering Corporation (SWEC), against Saudi Aramco for its breach of a contract with Bugshan Stone & Webster (BSW), a joint venture between SWEC and Abdullah Said Bugshan & Brothers,[1] to upgrade a large oil refinery at Ras Tanura in Saudi Arabia. We assume the parties' familiarity with the facts and the record of prior proceedings, which we refer to only as necessary to explain our decision. For the reasons given below, we affirm the District Court's order.[2]

---

[1] SWEC and Bugshan were each fifty-percent shareholders in BSW.

[2] Jurisdiction initially vested in the bankruptcy court pursuant to 28 U.S.C. § 157(b). Jurisdiction for the district court's review of the bankruptcy court's order was conferred by 28 U.S.C. § 158(a). In turn, our appellate jurisdiction rests upon 28 U.S.C. §§ 158(d) and 1291. In undertaking our review, we stand in the shoes of the district court, applying a clearly erroneous standard to the bankruptcy court's findings of fact and a plenary standard to that court's legal conclusions. *See Am. Flint Glass Workers Union v. Anchor*

SAMBA argues it is entitled to intervene under 11 U.S.C. §1109(b), which provides that "[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. §1109(b). SAMBA also suggests it is entitled to intervention as of right under Rule 24(a)(2), which states that a court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. Pro. 24(a)(2).

SAMBA is not entitled to intervene under either section 1109(b) or Rule 24(a)(2). SAMBA is not a party in interest to the litigation between SWEC and Saudi Aramco. *See Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm.*, 321 B.R. 147, 158 (D.N.J. 2005) ("The test to determine whether an entity is a party in interest is 'whether the prospective party in interest has a sufficient stake in the outcome of the proceeding so as to require representation.'"). Even granting a charitable interpretation to the assignment on which SAMBA relies to justify its intervention, this Court agrees with the District Court and the Bankruptcy Court before it that having a claim to proceeds of collateral does not entitle a party to intervene. As we stated in *Mountain Top Condominium Assoc. v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995), "a mere economic interest in the

*Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999).

3

outcome of litigation is insufficient to support a motion to intervene." Holding otherwise would permit every secured creditor to intervene in its debtor's litigation. Accordingly, SAMBA is not entitled to intervene.

For the foregoing reasons, we will affirm the District Court's order rejecting SAMBA's motion to intervene in SWEC's suit against Saudi Aramco.[3]

---

[3] We note that SAMBA has not been denied any source of remuneration. As added security, SAMBA obtained a guaranty from SWEC prior to lending the funds to BSW for the Ras Tanura project under which SWEC agreed to a payment of 50% of all obligations owed to SAMBA by BSW, up to $35 million dollars. As part of the bankruptcy proceedings, the Shaw Group (Shaw) assumed the guaranty under an asset purchase agreement entered into by Stone & Webster, Inc. and Shaw. SAMBA has already received a judgment against Shaw for recovery under the guaranty. Also, during the hearing before the Bankruptcy Court, the court noted that SAMBA could sue Saudi Aramco for the proceeds owed to it by BSW in Saudi Arabia. SAMBA acknowledged at the hearing that such an avenue was a possibility.